UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHRISTOPHER ERVIN PAUL LEDET** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-1879** |
| **TERREBONNE PARISH JAIL, ET AL.** | **SECTION: "G"(3)** |

### PARTIAL REPORT AND RECOMMENDATION

Christopher Ervin Paul Ledet, a state inmate, filed this federal civil action pursuant to 42 U.S.C. § 1983. In pertinent part, that statute provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ….

42 U.S.C. § 1983.

In this lawsuit, plaintiff sued the following defendants: the Terrebonne Parish Criminal Justice Complex (also referred to as the Terrebonne Parish Jail); the Terrebonne Parish Sheriff's Office; Richard Petie Neal; Stephen Bergeron; Jerry Larpenter; and T. Schwaush.

Plaintiff's statement of his claims, in its entirety, is as follows:

> Due to the covid-19 epidemic, we was supposed to be quarantined with no new inmates coming in, but were not. Terrebonne Parish did the exact opposite. I was incarcerated before the epidemic housed in C-400. They brought new people in dorm and also a trustee that was kicked off of trustee after moving around the jail freely, that's when our dorm became infected. I was filing emergency grievances that they was denying. They put me in a medical cell for 5 days with no help except temp checks. Shipped me to Angola at Camp J, for 30 days till I tested negative twice. Brought me back and placed me back in the infected dorm.
> I suffered through the symptoms of covid and the jail did not want to deal with me due to staff scared to catch covid-19. They gave me no medication nor

provided no medical help except fever checks. They also refused to let me contact family.[1]

A motion to dismiss has now been filed by the Terrebonne Parish Criminal Justice Complex and Richard Petie Neal.[2] Plaintiff was ordered to file a response to that motion by no later than September 23, 2020.[3] To date, no response has been filed, and the motion stands unopposed.

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a defendant to move for dismissal when a plaintiff fails to state a claim upon which relief can be granted. In ruling on such a motion, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (quotation marks omitted). However, "[t]o survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead sufficient facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. (footnote, citation, and quotation marks omitted). On that point, the United States Supreme Court has explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations and quotation marks omitted).

---

[1] Rec. Doc. 4-1, p. 5.
[2] Rec. Doc. 13. **The remaining defendants have not joined in this motion, and the recommendations herein are inapplicable to the claims asserted against them.**
[3] Rec. Doc. 14.

In their motion, the defendants first argue that the Terrebonne Parish Criminal Justice Complex is an improper defendant. That is clearly correct. "[T]he Terrebonne Parish Criminal Justice Complex simply is not a proper defendant under any circumstances." Coleman v. Terrebonne Parish Criminal Justice Complex, Civ. Action No. 13-4325, 2013 WL 6004051, at *5 (E.D. La. Nov. 13, 2013). That is true because "a jail is merely a building, not a 'person' subject to suit under 42 U.S.C. § 1983." Castillo v. Blanco, Civ. Action No. 07-215, 2007 WL 2264285, at *4 (E.D. La. Aug. 1, 2007); accord Coleman, 2013 WL 6004051, at *5; Authement v. Terrebonne Parish Sheriff's Office, Civ. Action No. 09-5837, 2009 WL 4782368, at *4 (E.D. La. Dec. 3, 2009); Bland v. Terrebonne Parish Criminal Justice Complex, Civ. Action No. 09-4407, 2009 WL 3486449, at *3 (E.D. La. Oct. 23, 2009). Moreover, because that result could not be changed through repleading, the claims against the Terrebonne Parish Criminal Justice Complex should be dismissed *with* prejudice.

The defendants next argue that plaintiff's allegations, as currently stated, are insufficient to state a claim against Richard Petie Neal in either his official or individual capacity. That is likewise correct.

"Official capacity suits generally represent another way of pleading an action against an entity of which an officer is an agent." Burge v. Parish of St. Tammany, 187 F.3d 452, 466 (5th Cir. 1999). Accordingly, an official-capacity claim against Neal would in reality be a claim against the local governmental body itself. However, the United States Fifth Circuit Court of Appeals has explained:

> In order to hold a municipality or a local government unit liable under Section 1983 for the misconduct of one of its employees, *a plaintiff must initially allege that an official policy or custom was a cause in fact of the deprivation of rights inflicted.* To satisfy the cause in fact requirement, *a plaintiff must allege that*

3

> *the custom or policy served as a moving force behind the constitutional violation at issue or that [his] injuries resulted from the execution of an official policy or custom.* The description of a policy or custom and its relationship to the underlying constitutional violation, moreover, cannot be conclusory; it must contain specific facts.

Spiller v. City of Texas City, Police Department, 130 F.3d 162, 167 (5th Cir. 1997) (emphasis added; citations, quotation marks, and brackets omitted). Further, "[a] plaintiff may not infer a policy merely because harm resulted from some interaction with a governmental entity." Colle v. Brazos County, Texas, 981 F.2d 237, 245 (5th Cir. 1993); see also Wetzel v. Penzato, Civ. Action No. 09-7211, 2009 WL 5125465, at *3 (E.D. La. Dec. 23, 2009). Rather, he must identify the policy or custom which allegedly caused the deprivation of his constitutional rights. See, e.g., Murray v. Town of Mansura, 76 F. App'x 547, 549 (5th Cir. 2003); Treece v. Louisiana, 74 F. App'x 315, 316 (5th Cir. 2003); Wetzel, 2009 WL 5125465, at *3. In the instant case, plaintiff does not allege that his constitutional rights were violated as a result of a policy or custom, much less identify such a policy or custom. Therefore, if he is asserting a claim against Neal in his official capacity, plaintiff's allegations fall short of what is required to state a proper official-capacity claim.

If plaintiff is instead asserting an individual-capacity claim against Neal, he fares no better. The United States Fifth Circuit Court of Appeals has explained: "Plaintiffs suing governmental officials in their individual capacities ... must allege specific conduct giving rise to a constitutional violation. This standard requires more than conclusional assertions: The plaintiff must allege specific facts giving rise to the constitutional claims." Oliver v. Scott, 276 F.3d 736, 741 (5th Cir. 2002) (citation omitted). In addition, it must be remembered that a defendant's "*[p]ersonal*

4

*involvement* is an essential element of a civil rights cause of action." Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983).

Here, plaintiff does not even *mention* Neal in the statement of his claims, much less make any factual allegations that Neal was *personally involved* in any of the actions or inactions on which his claims are based. Where a plaintiff has merely listed an individual as a defendant in the complaint but made no factual allegations against him, a cognizable individual-capacity claim has not been stated against that defendant. See, e.g., Jones v. Ledet, Civ. Action No. 19-10969, 2019 WL 6040091, at *3 (E.D. La. Oct. 22, 2019), adopted, 2019 WL 6036706 (E.D. La. Nov. 14, 2019); Hall v. Peck, Civ. Action No. 16-13527, 2017 WL 745729, at *2 (E.D. La. Jan. 12, 2017), adopted, 2017 WL 788354 (E.D. La. Feb. 23, 2017); Reavis v. State of Louisiana, Civ. Action No. 16-1692, 2016 WL 3571440, at *3 (E.D. La. June 8, 2016), adopted, 2016 WL 3524139 (E.D. La. June 28, 2016); White v. Gusman, Civ. Action No. 14-2131, 2014 WL 6065617, at *2 (E.D. La. Nov. 12, 2014). Therefore, if plaintiff is asserting an individual-capacity claim against Neal, his allegations again fall short of what is required to state such a claim.

However, although plaintiff's allegations as they currently exist are insufficient to state a claim against Neal in either his official or his individual capacity, it is at least conceivable that plaintiff could remedy that defect in a more specific pleading. Of course, it must be noted that he has neither opposed the motion to dismiss nor requested leave to amend the complaint. Nevertheless, in light of his *pro se* status and out of an abundance of caution, the undersigned recommends that plaintiff's claims against Neal be dismissed *without* prejudice. See Van Buskirk v. The New York Times Co., 325 F.3d 87, 91 (2d Cir. 2003) ("[A] court granting a 12(b)(6) motion

should consider a dismissal without prejudice when a liberal reading of the complaint gives any indication that a valid claim might be stated." (quotation marks omitted)).

## RECOMMENDATION

It is therefore **RECOMMENDED** the motion to dismiss filed by the Terrebonne Parish Criminal Justice Complex and Richard Petie Neal, Rec. Doc. 13, be **GRANTED**. It is **FURTHER RECOMMENDED** that the claims against the Terrebonne Parish Criminal Justice Complex (also referred to as the Terrebonne Parish Jail) be **DISMISSED WITH PREJUDICE** and that the claims against Richard Petie Neal be **DISMISSED WITHOUT PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this __23rd__ day of November, 2020.

                                                                        _____
                                                                        **DANA M. DOUGLAS**
                                                                        **UNITED STATES MAGISTRATE JUDGE**